IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gregory S. Backus,                      :

      Petitioner              :       Case No. 2:08-cv-00785

v.                                      :       Judge Marbley

Michael Sheets, Warden                  :       Magistrate Judge Abel

      Respondent              :

                              :

# Report and Recommendation

Petitioner Gregory S. Backus, a prisoner at the Ross Correctional Institution, brings this action for writ of habeas corpus under 28 U.S.C. §2254.  This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2254 Cases in United States District Courts.

The petition alleges that on May 3, 2003, petitioner Buckus pleaded guilty to three counts of rape was convicted of  in the Court of Common Pleas for Franklin County, Ohio.  He was sentenced to terms of five years in prison on each count, the terms to be served consecutively.  He did not appeal his sentence.

The petition alleges that on May 1, 2006 petitioner filed a petition for postconviction relief under Ohio Revised Code §§ 2953.21, *et seq.*  On May 12, 2006 the Common Pleas Court issued a decision denying the postconviction petition as untimely.  Petitioner  appeal that decision to the Ohio Court of Appeals.  On April 17, 2006 the Court of

Appeals issued a decision affirming the Common Pleas Court's denial of postconviction relief as untimely.  Petitioner file a motion for leave to appeal to the Supreme Court of Ohio.  On August 29, 2007, the Supreme Court of Ohio denied his motion for leave to appeal.

Petitioner alleges that he is in custody in violation of the United States Constitution because his sentence violated *Apprendi v. New Jersey,* 530 U.S. 466 (2000); *Blakely v. Washington,* 542 U.S. 296 (2004) and *State v. Foster,* 109 Ohio State 3d 1 (2006).

Prisoners have one year from the date their convictions become final to file a federal habeas corpus petition.  28 U.S.C. § 2244(d)(1)(A)[1].  The statute of limitations is tolled during the time a properly filed Ohio petition for post-conviction relief or other

---

[1] The limitation period begins to run at a later date if there is an impediment to the filing of the habeas corpus petition created by the state in violation of the constitution, the constitutional right is newly-recognized, or petitioner could not have discovered by the exercise of due diligence a factual predicate to the claim:
> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(B), (C) and (D).

collateral review with respect to the judgment or claim is pending. 28 U.S.C. §2244(d)(2)[2].

The first step is to determine when Backus's conviction became final. Section 2244(d)(1)(A) starts the running of the statute of limitations on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In Ohio, a criminal defendant's conviction becomes final when his time expires for filing an appeal from the judgment of conviction–whether by jury verdict or guilty plea (30 days)[3]. Since petitioner did not file an appeal, his conviction became final in June 2003, thirty days after the May 2003 judgment of conviction. It expired one year later in June 2004.

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISSED for failure to file the petition within the one-year period of limitation created by 28 U.S.C. §2244(d)(1).

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in

---

[2]28 U.S.C. §2244(d)(2) provides:
>   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3]Rule 4(A), Ohio Rules of Appellate Procedure provides that "[a] party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed . . . ."

question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail or email a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay Street 16th Floor, 43215.

s/Mark R. Abel
United States Magistrate Judge