# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**GREGORY S. BACKUS,**

      Petitioner,

v.

**MICHAEL SHEETS, Warden,**

      Respondent.

**CASE NO. 2:08-cv-785**
**JUDGE MARBLEY**
**MAGISTRATE JUDGE ABEL**

## OPINION AND ORDER

On September 5, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner has filed a motion for reconsideration, in which he objects to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his habeas corpus petition as untimely. Petitioner contends that this action is timely because he raises a claim under *Blakely v. Washington*, 542 U.S. 296 (2004), and *State v. Foster*, 109 Ohio St.3d 1 (2006), and because, according to petitioner, his post conviction petition, filed on May 1, 2006, and long after the statute of limitations had expired, tolled the running of the statute of limitations under 28 U.S.C. §2244(d)(2).

Petitioner's arguments are not persuasive. The United States Court of Appeals for

the Sixth Circuit has held that *Blakely* is not to be applied retroactively applicable to cases on collateral review. *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005). Therefore, neither *Blakely*, does not render this action timely under 28 U.S.C. §2244(d)(1)(C). *Foster*, as a decision of the Ohio Supreme Court, likewise does not alter the start date of the running of the statute of limitations in this case under 28 U.S.C. 2244(d)(1)(C). Furthermore, in *Foster,* the Ohio Supreme Court expressly limited its decision only to cases then pending on direct review. *State v. Foster, supra*, 109 Ohio St.3d at 31. Petitioner's apparent arguments that his habeas corpus petition is timely under the provisions of 28 U.S.C. 2244(d)(1)(B), or (d)(1)(D), likewise fail. *See Winters v. Warden, Noble Correctional Institute*, 2007 WL 2733995 (S.D. Ohio September 13, 2007); *Savage v. Moore*, 2008 WL 341349 (N.D. Ohio February 5, 2008)(rejecting same arguments). Additionally, petitioner's post conviction petition did not affect the running of the statute of limitations, since petitioner filed such action after the statute of limitations had already expired. "The tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run ." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir.2003), citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). The Court notes that petitioner has alleged no extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

Pursuant to 28 U.S.C. 636(b), this Court has conducted a *de novo* review of the

Magistrate Judge's *Report and Recommendation*. For the foregoing reasons, and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's motion for reconsideration and the objections raised therein are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

  s/Algenon L. Marbley  
ALGENON L. MARBLEY  
United States District Judge